**SPRANG, Plaintiff-Appellant, v. TAYLOR, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5951. Decided November 25, 1958.

Reeves & Herron, Morton Y. Reeves, of Counsel, Columbus, for plaintiff-appellant.

Dresbach, Crabbe, Newlon, Collopy & Bilger, Wilbur Jones, of Counsel, Columbus, for defendant-appellee.

### OPINION

By MILLER, J.

This is an action for damages arising out of an automobile collision wherein the plaintiff is seeking to recover for personal injuries to himself; medical expenses for himself and wife, who was also injured, and property damages.

During the course of the trial, the defendant conceded liability, so the case was submitted to the jury upon the question of damages only. A verdict was returned in favor of the plaintiff for the sum of $200, for which a judgment was duly entered and motion for new trial was overruled.

The first assignment of error is directed to the overruling of this motion, urging that the verdict was inadequate, against the manifest weight of the evidence and contrary to the court's instructions. Our examination of the Bill of Exceptions leads us to the conclusion that the verdict is insufficient to compensate the plaintiff for his actual damages, having incurred medical and hospital expenses considerably in excess of the amount of the verdict. Then, in addition to these expenses, the evidence reveals that there was property damage, and that

the plaintiff suffered a neck injury for which he was entitled to some compensation, the amount being within the sound discretion of the jury.

There was some conflict in the record as to the extent of the plaintiff's injury, whether it was entirely new or merely aggravated an old one. This was a question for the determination of the jury, but in either event the plaintiff would be entitled to some compensation for the injury. The verdict indicates that nothing was allowed for this when consideration is given to the actual damages the plaintiff has sustained.

It is therefore, our conclusion that the verdict was not in accordance with the instructions of the court and is against the manifest weight of the evidence.

The second assignment of error is based upon the admission into evidence of hospital records relating to the plaintiff for some ten years prior to the alleged personal injury, urging that these were privileged communications. It is to be noted that the witness testifying was not the plaintiff's physician, but the custodian of the records of the University Health Service.

It appears that during the cross-examination of the plaintiff, he testified as to his previous medical history and treatment, which were not in accord with the hospital records, and they were properly introduced for the purpose of impeaching the witness. We find no merit in this assignment.

Having found that the first assignment of error was well taken, the judgment will be reversed and the cause ordered remanded for further proceedings according to law.

PETREE, PJ, BRYANT, J, concur.